**17SL-CC04519**

Electronically Filed - St Louis County - December 08, 2017 - 04:02 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI**

| | | |
|---|---|---|
| ROGER W. WALLACH, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: |
| v. | ) ) | Division: |
| LOANME, INC., | ) ) | JURY TRIAL DEMANDED |
| Serve registered agent: Monarch Entity Services, LLC 101 Convention Center Drive, Suite 838 Las Vegas, Nevada 89109 | ) ) ) ) ) | |
| Defendant. | ) | |

**PETITION FOR CLASS ACTION RELIEF**

COMES NOW Plaintiff Roger W. Wallach, individually, and on behalf of all others similarly situated, and for his Petition for Class Action Relief against Defendant LoanMe, Inc. states:

**Parties, Jurisdiction and Venue**

1.     Roger W. Wallach ("Wallach") is an individual who resides in St. Louis County, Missouri.

2.     Wallach brings this action on behalf of himself and all others similarly situated.

3.     LoanMe, Inc. ("LoanMe") is a Nevada corporation in good standing.

4.     LoanMe provides unsecured loans, including personal and small business loans, to individuals and businesses.

5.     LoanMe is licensed in the State of Missouri as a Consumer Installment Lender Company.

Exhibit
A

Electronically Filed - St Louis County - December 08, 2017 - 04:02 PM

6.      Upon information and belief, LoanMe offers and provides loans to Missouri consumers and businesses.

7.      LoanMe's website identifies the loan products available to Missouri consumers. These products include loans ranging from $2,600.00 to $10,000.00 with annual interest rates ranging from 99% and 139%.

8.      This Court has personal jurisdiction over LoanMe because it has solicited business in the State of Missouri, conducts business in the State of Missouri, has committed the acts described below in the State of Missouri and otherwise has sufficient minimum contacts with the State of Missouri, and such contacts are continuous and systematic.

<center><b>Background</b></center>

9.      LoanMe markets its loan products, in part, through placing automated telephone calls to prospective customers' cell phones.

10.     Wallach is the owner of a cell phone and pays the bill for his cell phone account. His cell phone number is 314-XXX-2900.

11.     Wallach did not provide his cell phone number to LoanMe.

12.     Wallach had no prior business relationship with LoanMe.

13.     Wallach did not grant LoanMe prior express written consent to be called on his cell phone.

14.     On December 4, 2017, Wallach received a phone call from LoanMe on his wireless cellular phone in St. Louis County, Missouri.

15.     Upon answering his cell phone, Wallach heard a brief pause, and was then connected to a LoanMe representative acting on LoanMe's behalf.

16.     The LoanMe representative stated that LoanMe was interested in providing

Electronically Filed - St Louis County - December 08, 2017 - 04:02 PM

Wallach with a business loan.

17.     LoanMe's conduct injured Wallach and the putative class members because their privacy has been violated, and they were subject to annoying and harassing phone calls that constituted a nuisance. LoanMe's phone calls to wireless numbers intruded upon the rights of Wallach and the putative class members to be free from invasion of their interest in seclusion.

18.     LoanMe's conduct injured Wallach and the putative class members because they wasted time addressing or otherwise responding to the unwanted calls to their wireless numbers.

19.     LoanMe's calls to wireless numbers caused economic harm to class members by requiring them to pay their cell phone providers either for each phone call or incurring a usage allocation deduction to their cell phone plan.

20.     On information and belief, LoanMe placed phone calls *en masse* to wireless cellular numbers for the purpose of selling its loan products. LoanMe placed those calls to Wallach and members of the putative class without first obtaining their prior express written consent.

### Count I - Violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

21.     The TCPA states, in part:

> It shall be unlawful . . . (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . .  (iii) to any telephone number assigned to a . . . cellular telephone . . . .

47 U.S.C. § 227(b)(1).

22.     The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity . . . to store or produce numbers to be called, using a sequential number generator; and to dial such numbers." 47 U.S.C. § 227(a)(1).

23.     The TCPA defines a "telephone solicitation" as a "call or message for the purpose of encouraging the purchase of goods, or services which is transmitted to any person." 47 U.S.C.

Electronically Filed - St Louis County - December 08, 2017 - 04:02 PM

§ 227(a)(4).

24.     The Federal Communications Commission's regulations implementing the TCPA provide that telephone solicitations cannot be made to a recipient without the recipient's "prior express written consent." *See* FCC 12-21, CG Docket 02-278 (effective October 16, 2013); 47 C.F.R. § 64.1200(a)(2)

25.     The term "prior express written consent" as defined by the Code of Federal Regulations means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8)(i).

26.     The TCPA provides for a private right of action and statutory damages of at least $500, and up to $1,500.00 per violation.  47 U.S.C. § 227(b)(3).

27.     Pursuant to Missouri Rule of Civil Procedure 52.08, Wallach brings this lawsuit as a class action on behalf of himself and all others similarly situated. This action satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation.

28.     The proposed class which Wallach seeks to represent is defined as follows:

> All persons in the United States who, from December 8, 2013 to the present, who received calls on their cell phone from LoanMe or someone acting on its behalf and did not provide LoanMe their prior express written consent to receive such calls.

29.     On information and belief, LoanMe used an automatic telephone dialing system to make the phone call to Wallach's cell phone and to the cell phones of the putative class members. The device LoanMe used to place the telephone calls to cellular numbers had the capacity to store

Electronically Filed - St Louis County - December 08, 2017 - 04:02 PM

or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

30.     On information and belief, LoanMe's dialing system stored Wallach's and the putative class members' cell phone numbers.  The numbers were dialed without significant human intervention.

31.     On information and belief, LoanMe used the Aspect Ensemble Call Center Software ("Aspect") to place calls to Wallach and the putative class members.

32.     The Aspect website states that the Call Center capabilities include an "Auto Dialer." The Aspect website describes the Auto Dialer as providing "automated dialing options including . . . predictive dialing."

33.     The Aspect website states that the Call Center capabilities include a "Predictive Dialer." The Aspect website describes the Predictive Dialer as providing "smart decisions on whom to contact, as well as when and how . . . and campaign management optimization across single or multiple predictive dialers."

34.     On information and belief, LoanMe currently employs a "Dialer Administrator" who oversees the "daily production and performance of the Dialer system." The Dialer Administrator also monitors LoanMe's "Predictive Dialer" system.

35.     On information and belief, LoanMe made phone calls to the cell phones of Wallach and the putative class members without the recipients' prior express written consent.

36.     On information and belief, LoanMe placed telephone calls *en masse* to hundred if not thousands of wireless telephone numbers using a computerized automatic telephone dialing system.

37.     By making calls to the cell phones of Wallach and the putative class members

Electronically Filed - St Louis County - December 08, 2017 - 04:02 PM

without first obtaining their prior express written consent, LoanMe violated the express provisions of the TCPA, including, but not limited to, 47 U.S.C. § 227(b)(l).

38.     LoanMe knew or should have known that the putative class members did not provide their prior express written consent to receive calls on their cellular phones.

39.     Wallach and the putative class members are entitled to damages of $500.00 per call made by LoanMe and up to $1,500.00 per call if the Court finds that LoanMe willfully violated the TCPA.

40.     On information and belief, there are thousands of persons in the proposed class, and the class is so geographically diverse that joinder of all members is impracticable.

41.     Wallach's claims are typical of the class he seeks to represent. Wallach and the putative class members were called by LoanMe through an automatic telephone dialing system and did not provide prior express written consent to be called on their cellular phones. Wallach's claims and the claims of the putative class members are based on the same legal theories and arise from the same unlawful conduct thereby resulting in the same injury to Wallach and the putative class members.

42.     There are questions of law and fact common to the class. Common questions include, but are not limited to:

a.     Whether LoanMe made phone calls to the cell phones of the members of the putative class without obtaining the recipients' prior express written consent;

b.     Whether LoanMe made phone calls to the cell phones of members of the proposed class using an automatic telephone dialing system;

c.     Whether the conduct of LoanMe violates 47 U.S.C. § 227(b)(l)(A);

d.     Whether the conduct of LoanMe violates the rules and regulations implementing

6

Electronically Filed - St Louis County - December 08, 2017 - 04:02 PM

the TCPA; and,

e.      Whether Wallach and the members of the proposed class are entitled to increased damages based on the willfulness of LoanMe's conduct.

43.     Wallach will fairly and adequately represent the putative class members.  Wallach has retained counsel experienced in the prosecution of class actions. Wallach is committed to vigorously prosecuting the claims presented in this petition. Neither Wallach nor Wallach's counsel have any interests adverse or in conflict with the absent class members.

44.     The questions of law and fact common to the members of the proposed class predominate over any questions of fact affecting any individual member of the proposed class.

45.     A class action is superior to other methods for the fair and efficient adjudication of this controversy.  Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for class members to seek redress individually.

<div align="center">

**Demand for Judgment**

</div>

WHEREFORE Plaintiff Roger W. Wallach, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

a.      Enter an order against Defendant LoanMe, Inc., pursuant to Missouri Rule of Civil Procedure 52.08, certifying this action as a class action and appointing Plaintiff Roger W. Wallach as the class representative;

b.      Enter an order appointing Butsch Roberts & Associates LLC as counsel for the class;

c.      Enter judgment in favor of Wallach and the putative class for all damages available under the TCPA, including statutory damages of $500 per violation, or up to $1,500 per violation

Electronically Filed - St Louis County - December 08, 2017 - 04:02 PM

if LoanMe willfully violated the TCPA;

      d.     Award Wallach and the class all expenses of this action, and requiring defendant to pay the costs and expenses of class notice and claims administration; and,

      e.     Award Wallach and the class such further and other relief the Court deems just and appropriate.

**Jury Trial Demanded**

**BUTSCH ROBERTS & ASSOCIATES LLC**

By: _/s/_  Christopher E. Roberts_____
David T. Butsch #37539
Christopher E. Roberts #61895
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
(314) 863-5700 (telephone)
(314) 863-5711 (fax)
dbutsch@butschroberts.com
croberts@butschroberts.com

Attorneys for Plaintiff Roger W. Wallach

**17SL-CC04519**

Electronically Filed - St Louis County - December 08, 2017 - 04:02 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

ROGER W. WALLACH, individually, and )
on behalf of all others similarly situated, )
)
     Plaintiff, )
)   Case No.:
v. )   Division:
)
LOANME, INC., )
)
Serve registered agent: )
Monarch Entity Services, LLC )
101 Convention Center Drive, Suite 838 )
Las Vegas, Nevada 89109 )
)
     Defendant. )

## MOTION TO APPOINT SPECIAL PROCESS SERVER

COMES NOW Plaintiff Roger W. Wallach, and through his undersigned counsel, requests that this Court appoint Martin Druckman, 1736 E. Charleston Blvd., Suite 333, Las Vegas, Nevada 89104 as special process server in the above-captioned matter for the purpose of serving a Summons and Petition on Defendant LoanMe, Inc.

**BUTSCH ROBERTS & ASSOCIATES LLC**

By: _/s/   Christopher E. Roberts_____
    David T. Butsch #37539
    Christopher E. Roberts #61895
    231 South Bemiston Ave., Suite 260
    Clayton, MO 63105
    (314) 863-5700 (telephone)
    (314) 863-5711 (fax)
    butsch@butschroberts.com
    roberts@butschroberts.com

    Attorneys for Plaintiff

*Appointed As Requested*

*/s/ LaKrisha Gardner*
*Deputy Clerk*

*Date:  12/13/2017*



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOHN D WARNER JR | Case Number:  17SL-CC04519 |
|---|---|
| Plaintiff/Petitioner:<br>ROGER W WALLACH | Plaintiff's/Petitioner's Attorney/Address:<br>CHRISTOPHER ELISHA ROBERTS<br>SUITE 200<br>231 SOUTH BEMISTON AVE.<br>CLAYTON, MO  63105 |
| **vs.** | |
| Defendant/Respondent:<br>LOANME, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  LOANME, INC.
**Alias:**
**MONARCH ENTITY SERVICES LLC**
**101 CONVENTION CENTER DR, SUITE 838**
**LAS VEGAS, NV  89109**

*COURT SEAL OF*

*ST. LOUIS COUNTY*

> **You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.**
> **SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.**

| 13-DEC-2017 | _____ |
|---|---|
| **Date** | *Clerk* |
| **Further Information:** | |
| **LNG** | |

### Officer's or Server's Affidavit of Service

I certify that:
1.   I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.   My official title is _____ of _____ County, _____ (state).
3.   I have served the above summons by:  (check one)
    ☐  delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐  leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
    ☐  (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
    ☐  other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

| _____ | _____ |
|---|---|
| Printed Name of Sheriff or Server | Signature of Sheriff or Server |

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐  the clerk of the court of which affiant is an officer.
            ☐  the judge of the court of which affiant is an officer.
*(Seal)*      ☐  authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
            ☐  authorized to administer oaths.  (use for court-appointed server)

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  (_____ miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

**Directions to Clerk**

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54.  The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered.  The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service.  The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy.  The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy.  If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons.  This form is not for use in attachment actions.  (See Rule 54.06, 54.07 and 54.14)

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States.  If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

<u>**Purpose of Notice**</u>

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

<u>**Your Rights and Obligations in Court Are Not Affected By This Notice**</u>

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.  These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

<u>**Alternative Dispute Resolution Procedures**</u>

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1)** <u>**Advisory Arbitration:**</u> A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2)** <u>**Mediation:**</u> A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

ROGER W. WALLACH, individually, and )
on behalf of all others similarly situated, )
                                 )
        Plaintiff,              )
                                   )      Cause No. 17SL-CC04519
v.                               )
                                   )      Div. 15
LOANME, INC.,             )
                                   )
        Defendant.         )

## ENTRY OF APPEARANCE

Come now David T. Butsch and Butsch Roberts & Associates LLC and hereby enter their

appearance on behalf of Plaintiff Roger W. Wallach.

**BUTSCH ROBERTS & ASSOCIATES LLC**

By: _/s/ David T. Butsch_____
David T. Butsch #37539
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
(314) 863-5700 (telephone)
(314) 863-5711 (fax)
Butsch@ButschRoberts.com

Attorneys for Plaintiff Roger W. Wallach

### Certificate of Service

I hereby certify that on December 28, 2017, a copy of the foregoing was sent by first class
U.S. Mail, postage pre-paid, to the following: LoanMe, Inc., c/o Monarch Entity Services, LLC,
101 Convention Center Drive, Suite 838, Las Vegas, Nevada 89109.

/s/ David T. Butsch_____

BUTSCH ROBERTS & ASSOCIATES LLC
231 SOUTH BEMISTON AVENUE - SUITE 260
CLAYTON (ST. LOUIS), MISSOURI 63105

89109-200913

LoanMe, Inc. c/o Monarch Entity Services, LLC
101 Convention Center Drive, Suite 838
Las Vegas Nevada 89109

469
cents
US POSTAGE
FIRST-CLASS
002220020458116

Electronically Filed - St Louis County - January 08, 2018 - 06:13 PM

# IN THE 21ˢᵀ JUDICIAL CIRCUIT COURT
## ST. LOUIS COUNTY, MISSOURI

RIGER W. WALLACH )

                Plaintiff(s), )

vs. )

LOANME, INC. )

                Defendant(s), )

  )

_____ )

Case No:   17SL-CC04519
JUDGE: JOHN D. WARNER JR.

## AFFIDAVIT OF DUE DILIGENCE

STATE OF MISSOURI )
): ss
COUNTY OF ST. LOUIS )

Martin Druckman ID 1139578, authorized to serve civil process in the State of Nevada under license #174a, being first duly sworn according to law, deposes and says:  That at all times herein affiants is a citizens of the United States, over the age of 18 years, and not a party to nor interested in the within.

On the 20ᵗʰ day of December, 2017, affiant received a Summons for Personal Service Outside the State of Missouri,  Notice of Alternative Dispute Resolution  Services and Petition for Class Action Relief with instructions to serve the same upon LOANME, INC. An address of 101 Convention Center Dr. Ste. 838, Las Vegas, NV 89109 was provided for both LOANME, Inc. and the Resident Agent, Monarch Entity Services, LLC.

 On the 22ⁿᵈ day of December, 2017, at 1:25 pm, upon attempting to find the defendant at this location, affiant Martin Druckman found that the company, LOANME, Inc. and the company's Resident Agent Monarch Entity Services was no longer at this address.

On the 24ᵗʰ day of December, 2017 a search was conducted to determine if another address could be located for LOANME, INC. or Monarch Entity Services, LLC. in order to effect service. Biased on the search conducted it was determined that LOANME, Inc. is not longer in business in Las Vegas, Nevada.

A more extensive search and contact with the Nevada Secretary of State Office established that the resident agent, Monarch Entity Services, LLC. is not longer in business. Based on the information provided by the Nevada Secretary of State office the principal for LOANME, Inc., Louis A. Ochoa's place of business is at 1900 South State College Blvd. Ste. 300, Anaheim, CA. 92806.

That for the above reasons, service of process is not possible at this time in Nevada

Further, affiant sayeth naught.

Per NRS 53.045
I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct."

PROCESS SERVERS, INC.
1736 E Charleston Blvd. # 333.
Las Vegas, NV 89104
(702) 643-2280
NV State License No. 174a

January 2, 2018

_____
(Signature)

Electronically Filed - St Louis County - January 12, 2018 - 01:08 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

ROGER WALLACH, individually, and   )
on behalf of all others similarly situated   )
   )
      Plaintiff,   )   Cause No:   17SL-CC04519
   )   Division No:   15
v.   )
   )
LOANME, INC.   )
   )
      Defendant.   )

### MOTION FOR ISSUANCE OF ALIAS SUMMONS FOR
### DEFENDANT LOANME, INC.

COMES NOW Plaintiff Roger Wallach by his undersigned counsel, and hereby requests

that this Court issue an alias summons for Defendant LoanMe Inc., to be served at 1900 South State

College Blvd., Ste. 300 Anaheim, CA 92806.

**BUTSCH ROBERTS & ASSOCIATES LLC**

By: /s/ Christopher E. Roberts
    David T. Butsch #37539
    Christopher E. Roberts #61895
    231 South Bemiston Ave., Suite 260
    Clayton, MO 63105
    (314) 863-5700 (telephone)
    (314) 863-5711 (fax)
    Butsch@butschroberts.com
    Roberts@butschroberts.com

    Attorney for Roger Wallach

Electronically Filed - St Louis County - January 12, 2018 - 01:08 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

ROGER WALLACH, individually, and    )
on behalf of all others similarly situated    )
    )
        Plaintiff,    )    Cause No:    17SL-CC04519
    )    Division No:    15
v.    )
    )
LOANME, INC.    )
    )
        Defendant.    )

## MOTION TO APPOINT SPECIAL PROCESS SERVER

COMES NOW Plaintiff Roger Wallach by his undersigned counsel, and hereby requests that this Court issue an alias summons for Defendant LoanMe Inc., to be served by at 1900 South State College Blvd., Ste. 300 Anaheim, CA 92806.  Plaintiff requests that Richard Steiber of Cal Process Servers, located at 14271 Jeffrey Road, Suite 308, Irvine, CA 92620 serve the summons and petition.

BUTSCH ROBERTS & ASSOCIATES LLC

By: /s/ Christopher E. Roberts
    David T. Butsch #37539
    Christopher E. Roberts #61895
    231 South Bemiston Ave., Suite 260
    Clayton, MO 63105
    (314) 863-5700 (telephone)
    (314) 863-5711 (fax)
    Butsch@butschroberts.com
    Roberts@butschroberts.com

    Attorney for Roger Wallach



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOHN D WARNER JR | Case Number:  17SL-CC04519 |
|---|---|
| Plaintiff/Petitioner:<br>ROGER W WALLACH<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>CHRISTOPHER ELISHA ROBERTS<br>SUITE 200<br>231 SOUTH BEMISTON AVE.<br>CLAYTON, MO  63105 |
| Defendant/Respondent:<br>LOANME, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  **LOANME, INC.**
              **Alias:**
**1900 SOUTH STATE COLLEGE BLVD**
**SUITE 300**
**ANAHIEM, CA  92806**

*COURT SEAL OF*

*ST. LOUIS COUNTY*

    **You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.**
    **SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.**

**18-JAN-2018**
      **Date**                                                                                      Clerk
**Further Information:**
**JB**

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).
_____        _____
        Printed Name of Sheriff or Server                          Signature of Sheriff or Server

        **Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
        I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                           ☐ the judge of the court of which affiant is an officer.
*(Seal)*                   ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                              (use for out-of-state officer)
                           ☐ authorized to administer oaths.  (use for court-appointed server)

                           _____
                                      Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

        **See the following page for directions to clerk and to officer making return on service of summons.**

**Directions to Clerk**

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54.  The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered.  The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service.  The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy.  The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy.  If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons.  This form is not for use in attachment actions.  (See Rule 54.06, 54.07 and 54.14)

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States.  If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.  These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-04) SM60 *For Court Use Only*: **Document ID# 18-SMOS-46**      3      **(17SL-CC04519)**                Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

Electronically Filed - St Louis County - January 12, 2018 - 01:08 PM

**FILED**

JAN 2 2 2018

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

ROGER WALLACH, individually, and          )
on behalf of all others similarly situated )
                                          )
          Plaintiff,                      )          Cause No:    17SL-CC04519
                                          )          Division No:  15
v.                                        )
                                          )
LOANME, INC.                              )
                                          )
          Defendant.                      )

## MOTION TO APPOINT SPECIAL PROCESS SERVER

COMES NOW Plaintiff Roger Wallach by his undersigned counsel, and hereby requests

that this Court issue an alias summons for Defendant LoanMe Inc., to be served by at 1900 South

State College Blvd., Ste. 300 Anaheim, CA 92806.  Plaintiff requests that Richard Steiber of Cal

Process Servers, located at 14271 Jeffrey Road, Suite 308, Irvine, CA 92620 serve the summons

and petition.

                                   BUTSCH ROBERTS & ASSOCIATES LLC

                                   By: /s/ Christopher E. Roberts
                                       David T. Butsch #37539
                                       Christopher E. Roberts #61895
                                       231 South Bemiston Ave., Suite 260
                                       Clayton, MO 63105
                                       (314) 863-5700 (telephone)
                                       (314) 863-5711 (fax)
                                       Butsch@butschroberts.com
                                       Roberts@butschroberts.com

                                       Attorney for Roger Wallach

*So Ordered*
1/23/18

SPS APPROVED
JANUARY 24, 2018
**/s/Gwendolyn Bailey**



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

Electronically Filed - St Louis County - February 09, 2018 - 11:10 AM

| | |
|---|---|
| Judge or Division:<br>JOHN D WARNER JR | Case Number:  17SL-CC04519 |
| Plaintiff/Petitioner:<br>ROGER W WALLACH<br><br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>CHRISTOPHER ELISHA ROBERTS<br>SUITE 200<br>231 SOUTH BEMISTON AVE.<br>CLAYTON, MO  63105 |
| Defendant/Respondent:<br>LOANME, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Tort | <div align="right">(Date File Stamp)</div> |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  LOANME, INC.
                   **Alias:**
**1900 SOUTH STATE COLLEGE BLVD**
**SUITE 300**
**ANAHEIM, CA  92806**

*COURT SEAL OF*

*ST. LOUIS COUNTY*

       You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
       **SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>**18-JAN-2018**</u>                                             _____
**Date**                                               /Clerk
**Further Information:**
**JB**

---

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is **Registered Process Server** of **Orange** County, **California** (state).
3.  I have served the above summons by:  (check one)
  ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
  ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
  ☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to **Daisy Montengro, Process agent for** (name) **Ct Corporation Systems-Registered agent** (title).
  ☐ other (describe) _____
Served at **818 W. 7th Street, Suite 930, Los Angeles, CA 90017** (address)
in **Los Angeles** County, **California** (state), on **1/25** (date) at **2:10 p.m.** (time).
**Richard Steiber**
    Printed Name of Sheriff or Server                         Signature of Sheriff or Server

       **Subscribed and Sworn To** me before this ___ (day) **February** (month) **2018** (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                   ☐ the judge of the court of which affiant is an officer.
*(Seal)*          ☒ authorized to administer oaths in the state in which the affiant served the above summons.
                   (use for out-of-state officer)
          ☐ authorized to administer oaths.  (use for court-appointed server)
                                        _____
                                       Signature and Title

---

| Service Fees, if applicable | |
|---|---|
| Summons | $ 65.00 |
| Non Est | $ 0.00 |
| Mileage | $ 0.00 ( _____ miles @ $ _____ per mile) |
| Total | $ 65.00 |

<div align="center">See the following page for directions to clerk and to officer making return on service of summons.</div>

Electronically Filed - St Louis County - February 09, 2018 - 11:10 AM

# JURAT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _____Orange_____

Subscribed and sworn to (or affirmed) before me on this _8th_ day of _February_,

20 _18_ by _Richard Steiber_____,

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____
Signature                                                    (Seal)

---

## OPTIONAL INFORMATION

DESCRIPTION OF THE ATTACHED DOCUMENT

_____
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages _____ Document Date_____

_____
Additional information

2015 Version www.NotaryClasses.com 800-873-9865

## INSTRUCTIONS

The wording of all Jurats completed in California after January 1, 2015 must be in the form as set forth within this Jurat. There are no exceptions. If a Jurat to be completed does not follow this form, the notary must correct the verbiage by using a jurat stamp containing the correct wording or attaching a separate jurat form such as this one with does contain the proper wording. In addition, the notary must require an oath or affirmation from the document signer regarding the truthfulness of the contents of the document. The document must be signed AFTER the oath or affirmation. If the document was previously signed, it must be re-signed in front of the notary public during the jurat process.

- State and county information must be the state and county where the document signer(s) personally appeared before the notary public.
- Date of notarization must be the date the signer(s) personally appeared which must also be the same date the jurat process is completed.
- Print the name(s) of the document signer(s) who personally appear at the time of notarization.
- Signature of the notary public must match the signature on file with the office of the county clerk.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different jurat form.
  - ❖ Additional information Is not required but could help to ensure this jurat is not misused or attached to a different document.
  - ❖ Indicate title or type of attached document, number of pages and date.
- Securely attach this document to the signed document with a staple.